CLOHSET v NO NAME CORPORATION (ON REMAND)

Docket No. 301681. Submitted August 1, 2013, at Lansing. Decided
October 1, 2013, at 9:00 a.m.

Clarence and Virginia Clohset and No Name Corporation entered
into a lease agreement for commercial premises in 1991. Geraldine
and Walter Goodman obligated themselves as guarantors for No
Name. No Name failed to make lease payments and the Clohsets
filed a demand for possession on No Name in the 48th District
Court on October 6, 1998 and filed a complaint against No Name
on October 21, 1998 for nonpayment of rent, seeking possession of
the premises and costs, but not seeking monetary damages, which
the complaint acknowledged would exceed the district court's
general statutory jurisdictional limit of $25,000, MCL 600.8301(1).
The Clohsets entered into a settlement agreement with No Name,
Geraldine Goodman, and Walter Goodman, stating in part that No
Name owed the Clohsets $384,822.95, plus 9.5 percent interest.
The agreement required the parties to execute consent judgments
for entry, potentially, in the circuit court or the district court. The
consent judgments were to be held by the Clohsets and one or both
were to be filed if No Name or the Goodmans defaulted on the
settlement agreement. The Clohsets filed the district court con-
sent judgment, stating that defendants had defaulted on the
settlement agreement and owed the Clohsets a net amount of
$222,102.09 plus costs and attorney fees. The district court en-
tered the stipulated consent judgment on October 1, 1999. In
March 2009, after the Clohsets and Walter Goodman had died,
plaintiff Phillip M. Clohset, as personal representative of the
estates of Clarence and Virginia Clohset, sent defendant Geraldine
Goodman a demand letter for the amount owed in accordance with
the consent judgment. Defendants stipulated to the renewal of the
consent judgment in September 2009. In October 2009 defendant
filed a motion to vacate the original October 1, 1999 consent
judgment, arguing that the district court had lacked subject-
matter jurisdiction over the case. The district court, Marc Barron,
J., denied defendants' motion to vacate the judgment and trans-
ferred the case to circuit court pursuant to MCR 2.227(A)(1).
Plaintiff moved for entry in the circuit court of the consent
judgment that had previously been entered in the district court.

The circuit court, Mark A. Goldsmith, J., denied plaintiff's motion and granted defendants' counter-motion to dismiss, holding that the judgment was void for lack of subject-matter jurisdiction in the district court. Plaintiff filed an amended complaint in the circuit court and moved for summary disposition. The circuit court, Phyllis C. McMillen, J., denied plaintiff's motion and dismissed plaintiff's claims. Plaintiff appealed and the Court of Appeals, BOONSTRA, J., and K. F. KELLY, P.J., and WILDER, J. (concurring), vacated the circuit court order and remanded to the district court for reinstatement and enforcement of the consent judgment. 296 Mich App 525 (2012). The Supreme Court, in lieu of granting leave to appeal, vacated the opinion and remanded the case to the Court of Appeals for reconsideration in light of MCL 600.5739(1) and MCR 4.201(G)(2)(b). 494 Mich 874 (2013).

The Court of Appeals *held*:

1. Michigan district courts have exclusive jurisdiction under MCL 600.8301(1) over civil matters where the amount in controversy does not exceed $25,000 and, pursuant to MCL 600.8302(1) and (3), equitable jurisdiction and authority concurrent with that of the circuit court with respect to equitable claims arising under chapter 57 of the Revised Judicature Act (RJA), MCL 600.5701 *et seq.*, which concerns proceedings to recover possession of premises. Because the grant of jurisdictional authority in MCL 600.8302(1) and (3) is a more specific grant than the general grant of jurisdictional power found in MCL 600.8301(1), when a district court's actions flow from its power arising under chapter 57 of the RJA its actions are within the scope of MCL 600.8302(1) and (3), and MCL 600.8301(1) is inapplicable. Because subject-matter jurisdiction is determined by referring to the pleadings and the Clohsets' complaint invoked the district court's specific jurisdiction under MCL 600.8302(1) and (3) and chapter 57 of the RJA, that specific jurisdictional grant takes precedence over the more general, $25,000 jurisdictional grant found in MCL 600.8301(1). The district court had jurisdiction over this case and erred by transferring it to the circuit court. Having properly acquired jurisdiction, the district court was required to render a final decision on the merits. The district court's specific jurisdiction over this case extended to the entry of the stipulated consent judgment, even though the consent judgment included an agreed-upon monetary component that, if it had been premised on the district court's general jurisdiction, would have exceeded the otherwise applicable statutory jurisdictional limit.

2. Defendants were not entitled to collaterally attack during the 2009 proceedings the October 1, 1999 consent judgment

entered by the district court. Because the district court had subject-matter jurisdiction over this case, its exercise of jurisdiction could only be challenged on direct appeal or by proper motion to alter or amend the judgment. Defendants took no action to challenge the judgment within a reasonable time and plaintiff was entitled to enforce the judgment against defendants. Enforcement of the judgment was not precluded even though the stipulated money damages set forth in the consent judgment exceeded the district court's general jurisdictional amount otherwise applicable in the district court.

3. Even if the consent judgment was premised on an error in the exercise of the district court's jurisdiction, the error was of the parties' own making. Defendants cannot complain about an error created when they stipulated the entry of the consent judgment.

4. Because the district court had jurisdiction over this case and improperly transferred the case to the circuit court, the circuit did not have jurisdiction to rule on plaintiff's motion to enter the consent judgment, on defendants' motion to dismiss, or the parties' cross-motions for summary disposition; the circuit court should have transferred the case back to the district court pursuant to MCR 2.227(A).

5. Under MCR 4.201(G)(2)(b), if a money claim or counterclaim exceeding that district court's jurisdiction is introduced in a possession-of-premises claim, the court, on motion of either party or on its own initiative, shall order removal of that portion of the action to the circuit court, if the money claim or counter claim is sufficiently shown to exceed the court's jurisdictional limit. MCL 600.5739(1) provides that a party to summary proceedings may join claims and counterclaims for money judgment for damages attributable to wrongful entry, detainer, or possession, for breach of the lease or contract under which the premises were held, or for waste or malicious destruction to the premises. The court may order separate summary disposition of the claim for possession, without prejudice to any other claims or counterclaims. A claim or counterclaim for money judgment shall not exceed the amount in controversy that otherwise limits the jurisdiction of the court. MCR 4.201(G)(2)(b) and MCL 600.5739(1) do not apply to this case because the filing of a stipulated consent judgment does not constitute the introduction of a claim or counterclaim for money judgment. A claim is not introduced except as set forth in a pleading and a stipulated consent judgment is not a pleading. Because there was no claim or counterclaim for money judgment introduced in the district court proceedings, MCR 4.201(G)(2)(b)

and MCL 600.5739(1) did not require that this case (or any portion of the case) be transferred to the circuit court.

Vacated and remanded to the district court.

1. COURTS — DISTRICT COURTS — EQUITABLE POWERS — JURISDICTION.

District courts in Michigan have exclusive jurisdiction, under MCL 600.8301(1) over civil matters where the amount in controversy does not exceed $25,000 and, pursuant to MCL 600.8302(1) and (3), equitable jurisdiction and authority concurrent with that of the circuit court with respect to equitable claims arising under chapter 57 of the Revised Judicature Act (RJA), MCL 600.5701 *et seq.*, which concerns proceedings to recover possession of premises; the grant of jurisdictional authority in MCL 600.8302(1) and (3) is a more specific grant than the general grant of jurisdictional power found in MCL 600.8301(1) and takes precedence over the general grant of jurisdictional authority; when a district court's actions flow from its power arising under chapter 57 of the RJA, its actions are within the scope of MCL 600.8302(1) and (3) and MCL 600.8301(1) is inapplicable.

2. COURTS — SUBJECT-MATTER JURISDICTION — JUDGMENTS — APPEAL — COLLATERAL ATTACK.

Once a court's jurisdiction has attached, mere errors or irregularities in the proceedings, no matter how grave, will not render the court's judgment void; until the judgment is set aside, it is valid and binding for all purposes and cannot be collaterally attacked, whereas the exercise of subject-matter jurisdiction can be challenged only on direct appeal.

3. COURTS — DISTRICT COURTS — JURISDICTION — CONSENT JUDGMENTS.

MCR 4.201(G)(2)(b) provides that if a money claim or counterclaim exceeding the court's jurisdiction is introduced in a summary proceeding to recover the possession of premises, the court shall order removal of that portion of the action to the circuit court, if the money claim or counterclaim is sufficiently shown to exceed the court's jurisdictional amount; under MCL 600.5739(1), a party to summary proceedings to recover possession of premises may join claims and counterclaims for damages attributable to wrongful entry, detainer, or possession, for breach of the lease or contract under which the premises were held, and the court may order separate summary disposition of a claim for possession, but a claim or counterclaim for money judgment may not exceed the amount in controversy that otherwise limits the jurisdiction of the court; when a district

court has subject-matter jurisdiction under MCL 600.8302(1) and (3) over an action for possession of premises, the filing of a stipulated consent judgment that includes an award of monetary damages that was not sought in the complaint but exceeds the district court's general jurisdictional limits, MCL 600.8301(1), does not constitute the introduction of a claim or counterclaim for money judgment and does not require the action to be transferred to the circuit court.

*Butzel Long* (by *Michael J. Lavoie, David J. DeVine* and *Joseph E. Richotte*) for Phillip M. Clohset.

*Jaffe Raitt Heuer & Weiss, PC* (by *David W. Williams* and *Brian G. Shannon*), for No Name Corporation, Geraldine K. Goodman, and the Estate of Walter A. Goodman.

ON REMAND

Before: K. F. KELLY, P.J., and WILDER and BOONSTRA, JJ.

BOONSTRA, J. Plaintiff, Phillip M. Clohset, appeals as of right the November 30, 2010, circuit court order denying his motion for summary disposition and granting summary disposition in favor of defendants, No Name Corporation (No Name), Geraldine K. Goodman, and the estate of Walter A. Goodman (Walter), deceased. By opinion issued on May 15, 2012, we vacated the judgment of the Oakland Circuit Court and remanded to the 48th District Court for reinstatement and enforcement of the stipulated consent judgment entered on October 1, 1999. *Clohset v No Name Corp,* 296 Mich App 525; 824 NW2d 191 (2012).

On July 3, 2013, our Supreme Court vacated this Court's 2012 opinion and remanded for reconsideration in light of MCL 600.5739(1) and MCR 4.201(G)(2)(b). *Clohset v No Name Corp,* 494 Mich 874; 832 NW2d 387 (2013). We now again vacate the judgment of the circuit

court and remand to the district court for reinstatement and enforcement of the stipulated consent judgment issued on October 1, 1999.

The facts of this case are not in dispute. But the case presents an unusual procedural history that requires us to consider issues of (a) subject-matter jurisdiction and (b) the validity, or degree of validity, of a stipulated consent judgment entered by the district court in an amount in excess of its jurisdictional limit.

Under the unusual circumstances outlined herein, we conclude that the district court had subject-matter jurisdiction over this case and that its entry of a stipulated consent judgment was proper, without regard to the jurisdictional amount-in-controversy limit that applies under the district court's general jurisdictional authority. Moreover, having neither appealed nor properly moved to alter or amend the stipulated consent judgment, defendants could not collaterally attack it, under the circumstances presented, 10 years later. Our conclusion derives in part from the well-established maxim that a party may not properly create error in a lower court and then claim on appeal that the error requires reversal. See, e.g., *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989) ("A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper [in the trial court] since to do so would permit the party to harbor error as an appellate parachute.").

We hold that the district court erred by transferring the case to the circuit court pursuant to MCR 2.227(A)(1). Further, given the jurisdiction of the district court, we hold that the circuit court erred by ruling on the merits of the case, by dismissing plaintiff's claims, and by granting summary disposition to defendants on plaintiff's claims.

I. FACTUAL AND PROCEDURAL HISTORY

This action was originally brought by Clarence and Virginia Clohset (the Clohsets). The Clohsets have since passed away and plaintiff, Phillip Clohset, has taken over as personal representative of their estates. The Clohsets and defendant No Name entered into a lease agreement for commercial premises in 1991, to which defendants Geraldine and Walter obligated themselves as guarantors for No Name. Defendant No Name subsequently failed to make its rental payments. The Clohsets filed a demand for possession on No Name in the district court on October 6, 1998, demanding possession of the premises. On October 21, 1998, they filed a complaint against No Name for nonpayment of rent, seeking possession of the premises and costs, but not seeking money damages, which the complaint acknowledged would exceed the district court's general statutory jurisdictional limit of $25,000. MCL 600.8301(1). The complaint noted that money damages would be sought in a separate action in circuit court.

On November 11, 1998, the Clohsets entered into a settlement agreement with No Name, Geraldine Goodman, and Walter Goodman, stating, in part, that No Name owed the Clohsets $384,822.95, plus 9.5 percent interest. The settlement agreement further required the parties to execute "pocket" consent judgments for entry, potentially, in the district court or the circuit court. The consent judgments were to be held by the Clohsets, and one or both were to be filed in the event that No Name or the Goodmans defaulted on the settlement agreement. When filed, the consent judgments would add Geraldine Goodman and Walter Goodman as named defendants, and would obligate all defendants as set forth therein. Subsequently, the Clohsets filed the district court consent judgment, along

with an affidavit from their attorney at the time, stating that defendants had defaulted and owed the Clohsets a net amount of $222,102.09, plus additional amounts, including costs and attorney fees, as outlined in the settlement agreement. The district court entered the stipulated consent judgment on October 1, 1999.[1]

Over nine years passed, during which time plaintiffs Clarence and Virginia Clohset and defendant Walter Goodman passed away, and then on March 24, 2009, plaintiff sent defendant Geraldine Goodman a demand letter for $222,102.09. Defendants stipulated with regard to a renewal of the consent judgment and the district court entered the stipulated renewal of consent judgment on September 15, 2009. On October 14, 2009, defendants moved to vacate the original, October 1, 1999, consent judgment on the ground that the district court had lacked subject-matter jurisdiction over the case. Plaintiff responded by moving to transfer the proceedings to circuit court. The district court denied defendants' motion to vacate the judgment, granted plaintiff's motion to transfer (while striking proposed language that would have found a lack of subject-matter jurisdiction), and transferred the case to the circuit court pursuant to MCR 2.227(A)(1) (which authorizes a transfer only when the transferring court "determines that it lacks jurisdiction of the subject matter of the action").

Plaintiff then moved for entry of the consent judgment (previously entered in district court) in circuit court. The circuit court denied that motion, finding the

---

[1] On October 12, 1999, and February 23, 2000, the parties entered into an Amendment and a Second Amendment of the settlement agreement, respectively, and thereby reaffirmed their assent to the terms of the settlement agreement, including, but not limited to, the entry of the consent judgments.

judgment was void for lack of subject-matter jurisdiction in district court, dismissed the case without prejudice, and permitted plaintiff to file an amended complaint. After filing an amended complaint, asserting breach of the parties' various agreements and related equitable claims, plaintiff moved for summary disposition on his breach of contract claims only, and defendants countered with a motion for summary disposition on all plaintiff's claims, both contract-based and equitable. The circuit court granted summary disposition in favor of defendants and dismissed plaintiff's claims.

Plaintiff claims on appeal that the circuit court erred by denying his motion to enter the consent judgment in circuit court, by dismissing his initial claims, and by later denying summary disposition to plaintiff and granting summary disposition to defendants.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision whether to enter a consent judgment for an abuse of discretion. Cf. *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 763; 630 NW2d 646 (2001) ("This Court reviews for abuse of discretion a trial court's decision on a motion to set aside a consent judgment."). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010), citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The motion should be granted only when the plaintiff's claims are " 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Id.* (citation omitted). Likewise, a

motion made under MCR 2.116(C)(9) tests the legal sufficiency of a defense on the pleadings alone. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010). The motion should be granted only when "the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425-426; 648 NW2d 205 (2002). We review de novo a trial court's grant of summary disposition on the basis of legally insufficient pleadings. *Maiden*, 461 Mich at 118. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). When deciding a motion for summary disposition under this subrule, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). We review de novo a trial court's decision on a motion under this subrule. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). The underlying question whether a court had subject-matter jurisdiction is a question of law that this Court reviews de novo. See *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013).

### III. ANALYSIS

Although plaintiff does not argue that the district court had subject-matter jurisdiction to enter the consent judgment, and does not challenge defendants' right to have collaterally attacked the judgment ten years later or the circuit court's holding that the judgment

was void *ab initio*, a discussion of this issue is necessary before proceeding with the parties' arguments on appeal. This Court does not generally address issues not raised by the parties on appeal. See *Mayberry v Gen Orthopedics, PC*, 474 Mich 1, 4 n 3; 704 NW2d 69 (2005). However, "[a]ll courts 'must upon challenge, or even sua sponte, confirm that subject-matter jurisdiction exists . . . .' " *Bezeau v Palace Sports & Entertainment, Inc*, 487 Mich 455, 479 n 2; 795 NW2d 797 (2010) (YOUNG, J., dissent), quoting *Reed v Yackell*, 473 Mich 520, 540; 703 NW2d 1 (2005) (opinion by TAYLOR, C.J.). Further, this Court is empowered to "enter any judgment or order or grant further or different relief as the case may require." MCR 7.216(A)(7).

### A. THE DISTRICT COURT HAD SUBJECT-MATTER JURISDICTION, AND ERRED BY TRANSFERRING THE CASE TO THE CIRCUIT COURT

District courts in Michigan have exclusive jurisdiction over civil matters where the amount in controversy does not exceed $25,000. MCL 600.8301(1). In addition, district courts have "equitable jurisdiction and authority concurrent with that of the circuit court" with respect to equitable claims arising under chapter 57 of the Revised Judicature Act (RJA), MCL 600.5701 *et seq.*, which concerns proceedings to recover possession of premises. See MCL 600.8302(1) and (3).

This Court has previously held that MCL 600.8302(3) is a "more specific" grant of jurisdictional authority than the "general grant of jurisdictional power" found in MCL 600.8301(1). *Bruwer v Oaks (On Remand)*, 218 Mich App 392, 396; 554 NW2d 345 (1996), citing *Driver v Hanley*, 207 Mich App 13, 17-18; 523 NW2d 815 (1994). "Because [MCL 600.8302(3)] is specific, it takes precedence over [MCL 600.8301(1)]." *Bruwer*, 218 Mich App at 396, citing *Driver*, 207 Mich App at 17-18. When

a "district court's action flowed from its power arising under Chapter 57 of the RJA [MCL 600.5701 *et seq.*], its actions are within the scope of [MCL 600.8302(3)], and [MCL 600.8301(1)] is inapplicable." *Bruwer*, 218 Mich App at 396.

The Court in *Bruwer* faced an apparent "conflict between the two jurisdictional statutes regarding whether district courts have the jurisdiction to issue a judgment in excess of [the then existing statutory limit of] $10,000 when the case arises under Chapter 57 of the RJA." *Id.* Resolving that apparent conflict in favor of the district court's exercise of jurisdiction under the circumstances presented, this Court held in *Bruwer* that a district court "had jurisdiction to issue" a $50,000 judgment on an appeal bond, in an action for "land contract forfeiture under the summary proceedings provisions of Chapter 57 of the [RJA]." *Id.* at 394, 396.

While it is true that a judgment entered by a court that lacks subject-matter jurisdiction is void, *Altman v Nelson*, 197 Mich App 467, 472-473; 495 NW2d 826 (1992), subject-matter jurisdiction is established by the *pleadings* and exists "when the proceeding is of a class the court is authorized to adjudicate and the claim stated in the complaint is not clearly frivolous." *In re Hatcher*, 443 Mich 426, 444; 505 NW2d 834 (1993); see also *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668; 554 NW2d 612 (1996), citing *Luscombe v Shedd's Food Prod Corp*, 212 Mich App 537, 541; 539 NW2d 210 (1995) ("A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint.").

Because subject-matter jurisdiction is determined by reference to the pleadings, and because the complaint filed by the Clohsets in the district court invoked the

district court's specific jurisdiction under MCL 600.8302(1) and (3) and chapter 57 of the RJA, that specific jurisdictional grant takes precedence over the more general jurisdictional grant found in MCL 600.8301(1), which is inapplicable here. See, *Bruwer*, 218 Mich App at 396. The district court accordingly had jurisdiction over this case.

Having properly acquired jurisdiction, the district court was obliged to render a final decision on the merits. " '[W]hen a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.' " *Schafer v Knuth*, 309 Mich 133, 137; 14 NW2d 809 (1944), quoting *MacLean v Wayne Circuit Judge*, 52 Mich 257, 259; 18 NW 396 (1884). A matter is finally and completely resolved when a judgment is entered. "A judgment [is] defined as the final consideration and determination of a court of competent jurisdiction on the matters submitted to it." 6A Michigan Pleading & Practice (2d ed, 2010), § 42:1, p 231. In other words, once a court acquires jurisdiction, unless the matter is properly removed or dismissed, that court is charged with the duty to render a final decision on the merits of the case, resolving the dispute, with the entry of an enforceable judgment.

Consistent with *Bruwer*, and with its authority and obligation to render a judgment on a matter properly before it, the district court's specific jurisdiction over this case extended to the entry of a stipulated consent judgment presented by the parties, even though that consent judgment included an agreed-upon monetary component that, if it had been premised on the district court's general jurisdiction, would have exceeded the

otherwise applicable statutory jurisdictional limit.[2] The district court thus erred by granting plaintiff's motion to transfer the case to the circuit court.[3]

### B. DEFENDANTS CANNOT COLLATERALLY ATTACK THE AGREED-UPON CONSENT JUDGMENT

When defendants defaulted on the subsequent settlement agreement, the Clohsets entered a consent judgment in district court for the $222,109.09 then owed by defendants. This amount clearly exceeded the district court's general jurisdictional limit, if it applied here (which we find it did not[4]).

Even assuming arguendo that this monetary component of the stipulated consent judgment exceeded the district court's authority, defendants still could not properly collaterally attack the entry of that judgment. As the Michigan Supreme Court explained in *Bowie v Arder*, 441 Mich 23, 49; 490 NW2d 568 (1992), quoting *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 545; 260 NW 908 (1935) (citation omitted):

"Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. Where jurisdiction has once

---

[2] The fact that the Clohsets' district court complaint sought only equitable relief did not preclude the inclusion of monetary relief in the consent judgment. As MCR 2.601(A) provides, "every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings."

[3] We also are unaware of any published authority in Michigan that would sanction the "postverdict" transfer of a case to the circuit court merely for *entry* of a judgment, much less (as here) the transfer of a case for further proceedings 10 years *after* the entry of a judgment, and the unpublished authority, to the extent applicable, is unfavorable toward such a transfer.

[4] As noted already in this opinion the district court's general jurisdictional limit is "inapplicable" where, as here, the district court proceeds pursuant to its specific jurisdictional grant under chapter 57 of the RJA.

attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked."

In other words, "lack of subject matter jurisdiction can be collaterally attacked[, whereas] the exercise of that jurisdiction can be challenged only on direct appeal." *In re Hatcher*, 443 Mich at 439.

For the reasons noted, in this case there was no "want of jurisdiction." Rather, and because the district court had jurisdiction, it could at most be argued that the court erred in the "exercise of jurisdiction." Accordingly, as articulated in *Bowie* and *Jackson*, defendants were not entitled to attack this judgment collaterally during the 2009 proceedings; their only option, if any, was to challenge the error on direct appeal[5] or by a proper motion to alter or amend the judgment. Defendants took no such actions within the time allowed.[6] As a result, the original consent judgment, which was filed in the district court on October 1, 1999, was valid, although arguably then voidable (not void) by proper

---

[5] We recognize that an appeal as of right may not have been available to the parties with regard to the consent judgment, since they did not reserve the right of appeal in the consent judgment itself. See *Travelers Ins v U-Haul of Mich, Inc*, 235 Mich App 273, 278 n 4; 597 NW2d 235 (1999), citing *Vanderveen's Importing Co v Keramische Indust M deWit*, 199 Mich App 359; 500 NW2d 779 (1993). This merely highlights the fact that defendants failed to preserve any right of appeal by which to properly challenge the entry of the consent judgment.

[6] Although defendants ultimately moved to vacate the October 1, 1999, consent judgment, they did not do so until October 14, 2009, over 10 years later. MCR 2.612(C)(2) provides that a motion to set aside a judgment as "void" must be made within a reasonable time. See also *Laffin v Laffin*, 280 Mich App 513, 521 n 1; 760 NW2d 738 (2008) (applying the rule to a consent judgment). Defendants' 10-year delay was not reasonable under the circumstances of this case.

and timely appeal or motion, and neither having occurred, the stipulated renewal of the consent judgment, filed in the district court in 2009, preserved the continued validity of the consent judgment. Plaintiff is therefore entitled to enforce the judgment against defendants.

This conclusion is not negated by the fact that the consent judgment provided stipulated relief that was different in kind from that initially requested in the district court complaint, or by the fact that the monetary amount of the stipulated damages exceeded the general jurisdictional limit of the district court. For the reasons noted, the district court had specific subject-matter jurisdiction under chapter 57 of the RJA, and the general jurisdictional limit thus was "inapplicable." See, e.g., *Bruwer*, 218 Mich App at 396.

Moreover,

> A consent judgment is different in nature from a judgment rendered on the merits because it is primarily the act of the parties rather than the considered judgment of the court. *No pleadings are required to support an agreed or negotiated judgment. Consequently, a judgment by consent is distinct from a judgment rendered by the court after trial.* [46 Am Jur 2d, Judgments, § 184, p 528 (2006) (emphasis added).]

Consent decrees differ from typical judgments because the "voluntary nature of a consent decree is its most fundamental characteristic." *Local No 93, Int'l Ass'n of Firefighters, AFL-CIO, CLC v City of Cleveland*, 478 US 501, 521-522; 106 S Ct 3063; 92 L Ed 2d 405 (1986) (recognizing that the agreement of the parties "serves as the source of the court's authority to enter any judgment at all"). See also *Goldberg v Trustees of Elmwood Cemetery*, 281 Mich 647, 649; 275 NW 663 (1937) ("A judgment by consent cannot ordinarily be set

aside or vacated by the court without consent of the parties thereto for the reason it is not the judgment of the court but the judgment of the parties.");[7] *Walker v Walker*, 155 Mich App 405, 406; 399 NW2d 541 (1986) ("When a party approves an order or consents to a judgment by stipulation, the resultant judgment or order is binding upon the parties and the court. Absent fraud, mistake or unconscionable advantage, a consent judgment cannot be set aside or modified without the consent of the parties, nor is it subject to appeal.") (citations omitted).

Accordingly, the fact that the Clohsets' complaint did not seek money damages, and the fact that the stipulated money damages (as set forth in the consent judgment) exceeded the general jurisdictional amount otherwise applicable in the district court, does not preclude enforcement of the consent judgment.

### C. HAVING CREATED THE ALLEGED ERROR IN THE ENTRY OF THE CONSENT JUDGMENT, DEFENDANTS MAY NOT HARBOR THAT ALLEGED ERROR AS AN APPELLATE PARACHUTE

As noted at the outset of this opinion, it is fundamental that a party may not create error in a lower court, and then claim on appeal that the error requires reversal. See, e.g., *Dresselhouse*, 177 Mich App at 477 ("A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper [in the trial court] since to do so would permit the party to harbor error as an appellate parachute.").

---

[7] The Supreme Court in *Goldberg*, 281 Mich at 649, noted that "a consent decree, in order to be valid, must come within the jurisdiction of the court and cannot confer jurisdiction where the law confers none." Here, however, the parties' consent judgment did not "confer jurisdiction where the law confers none." Rather, as noted, the district court possessed specific subject-matter jurisdiction pursuant to chapter 57 of the RJA.

Here, defendants stipulated to the entry of the consent judgment. The district court relied on that stipulation in entering the consent judgment on October 1, 1999. Even assuming arguendo that the consent judgment was premised on an error in the exercise of the district court's jurisdiction, that error was of the parties' own creation. Having created that error by stipulating to the entry of the consent judgment, defendants cannot now be heard to complain about that alleged error. To sanction such an argument would be to permit defendants to harbor their own error as an "appellate parachute," which we decline to do.

### D. PLAINTIFF MAY ENFORCE THE CONSENT JUDGMENT ACCORDING TO ITS TERMS

We are cognizant of the fact that, generally speaking, a district court cannot render a judgment that exceeds its jurisdictional limit. See, e.g., *Zimmer v Schindehette*, 272 Mich 407, 409; 262 NW 379 (1935) (holding void a judgment rendered by a justice of the peace because it was in an amount in excess of the justice's jurisdiction); *Krawczyk v DAIIE*, 117 Mich App 155, 163; 323 NW2d 633 (1982), rev'd in part on other grounds 418 Mich 231 (1983) (holding a judgment awarded in the district court exceeding the then-existing jurisdictional limit of $10,000 not invalid, provided that amounts in excess of the jurisdictional limit can be attributed to costs, attorney fees, and interest, or that the case represents an exception, specified by statute, that would permit the court to render a judgment over the jurisdictional amount).

However, we find the general rule to be inapplicable to the circumstances presented in this case. In the cited cases, the plaintiffs' claims fell within the general jurisdiction of the court, and the judgments in those

cases were thus constrained by the amount-in-controversy limitations of the courts' general jurisdiction. By contrast, the Clohsets' claims fell within the district court's specific jurisdiction under chapter 57 of the RJA, and those general jurisdictional limits were thus "inapplicable." See, e.g., *Bruwer*, 218 Mich App at 396.

Even assuming arguendo that the general jurisdictional limit applied, it might at most be argued that the monetary amount of the consent judgment in excess of the $25,000 general jurisdictional limit (plus interest, costs, and attorney fees) was not recoverable, not that the entirety of the judgment was void. This was the result, for example, in *Brooks v Mammo*, 254 Mich App 486, 496; 657 NW2d 793 (2002), where this Court limited the plaintiff's recovery to the district court's $25,000 general jurisdiction limit.

But the circumstances in *Brooks* were in any event unusual and largely inapplicable here. In *Brooks*, the plaintiff had brought suit in the circuit court for an amount in excess of the then-applicable $10,000 district court general jurisdictional limit. Following a mediation evaluation of $3,500, the circuit court transferred the case to the district court, which then held a jury trial that resulted in a jury verdict in the plaintiff's favor in the amount of $50,000. As of the trial date, former MCL 600.641 (which is not at issue here, but which had permitted the removal of circuit court actions to the district court even where the amount in controversy otherwise would preclude it, and which further made lawful subsequent jury verdicts in excess of the otherwise applicable jurisdictional limit) had been repealed. Before the judgment was entered on the jury verdict in the district court, the jurisdictional limit of the district court also had been increased to $25,000. This Court

therefore was compelled "to determine the combined effect that the repeal of MCL 600.641 and the subsequent amendment of MCL 600.8301 have on the verdict returned by the jury in this case." *Id.* at 493. This Court held that, under the circumstances presented, the plaintiff was entitled to a damages judgment, but neither in the amount of the jury verdict nor the amount of the district court's jurisdictional limit at the time of trial. Rather, the plaintiff was entitled to damages in the amount of the newly increased $25,000 jurisdictional limit.

Even if *Brooks* were applicable here, its application would not void the consent judgment. Rather it, would only limit the recoverability of the judgment to the amount of the district court's general jurisdictional limit of $25,000 (plus interest, costs, and attorney fees).[8] As noted, however, we find that in light of the district court's specific jurisdiction in this case, the general jurisdictional limit was inapplicable.

---

[8] Even if the enforceability of the district court consent judgment were so limited (which we expressly do not find), the settlement agreement does not on its face appear to set any time limit for the entry of either version of the consent judgment. Therefore, even under defendants' reading of the settlement agreement (i.e., that the waiver of defenses found in section VI of the settlement agreement related not to a later filing of a suit for breach of the settlement agreement, but rather to the *entry* of judgment), it appears (absent enforcement of the consent judgment in the district court) that defendants have waived any defenses to the entry of the circuit court consent judgment, should plaintiff proceed to file it. This is because the settlement agreement states that the waiver of defenses relates to the "entry of either or both" forms of the consent judgment, i.e., the version prepared for entry in the district court and the version prepared for entry in the circuit court. While only the former has to date been filed, the settlement agreement provides that, in the event of a default: (a) plaintiff may file the district court version of the consent judgment "and/or" the circuit court version; (b) defendants are obliged to "consent to all steps necessary to effectuate the entry of either or both" such versions; and (c) defendants' waiver of defenses relates to the entry of "either or both" versions of the consent judgment.

E. THE CIRCUIT COURT ERRED BY RULING ON THE MERITS

Because the district court had jurisdiction over this case and improperly transferred the case to the circuit court, the circuit court was completely without jurisdiction to rule on plaintiff's motion to enter the consent judgment, on defendant's motion to dismiss or, later, on the parties' cross-motions for summary disposition. Accordingly, the circuit court erred by ruling on those motions, and should instead have transferred the case back to the district court pursuant to MCR 2.227(A).

Having reached the above conclusions, we need not address plaintiff's remaining arguments on appeal.[9]

IV. PROCEEDINGS AFTER REMAND

As directed by our Supreme Court, we have reconsidered our initial opinion, *Clohset*, 296 Mich App 525, in

---

[9] The Court notes that, while not necessary to its decision in this case, it is unpersuaded in any event that plaintiff lacked proper alternative claims for breach of the settlement agreement, breach of the consent judgment, or otherwise, or that those claims would be barred by the applicable statute(s) of limitations, or otherwise. Therefore, absent enforcement of the consent judgment, plaintiff may still have a valid cause of action, in an appropriate court, for those alternative claims.

In that regard, this Court is compelled to note that it is particularly troubled that, in contesting plaintiff's argument that they waived the statute of limitations defense, and while accusing plaintiff of a "blatant mischaracterization" of the settlement agreement, defendants have used an ellipsis to categorically alter the meaning of the waiver provision of the settlement agreement. Rather than *preserving* "substantive defenses," as defendants suggest, the actual language of the settlement agreement confirms that such defenses are *waived*. This Court makes no judgment at this juncture regarding whether defendants made this representation intentionally or merely in error. The Court additionally notes that the statute of limitations is not, as defendants suggest, a "substantive" defense, but rather is a "procedural one," so that it would have been waived even under defendants' errant reasoning. *Staff v Johnson*, 242 Mich App 521, 531; 619 NW2d 57 (2000).

light of MCL 600.5739(1) and MCR 4.201(G)(2)(b). For
the reasons that follow, we conclude that neither the
statute nor the court rule alters our analysis or requires
a different outcome.

MCL 600.5739(1) provides:

> Except as provided by court rules, a party to summary
> proceedings may join claims and counterclaims for money
> judgment for damages attributable to wrongful entry, de-
> tainer, or possession, for breach of the lease or contract
> under which the premises were held, or for waste or
> malicious destruction to the premises. The court may order
> separate summary disposition of the claim for possession,
> without prejudice to any other claims or counterclaims. A
> claim or counterclaim for money judgment shall not exceed
> the amount in controversy that otherwise limits the juris-
> diction of the court.

MCR 4.201(G) provides the procedure for joinder of
claims and counterclaims in summary proceedings to
recover possession of premises. MCR 4.201(G)(2)(b)
provides:

> If a money claim or counterclaim exceeding the court's
> jurisdiction is introduced, the court, on motion of either
> party or on its own initiative, shall order removal of that
> portion of the action to the circuit court, if the money claim
> or counterclaim is sufficiently shown to exceed the court's
> jurisdictional limit.

We conclude that the filing of a stipulated consent
judgment does not constitute the "introduction" of a
"claim or counterclaim for money judgment." Claims
and counterclaims are stated in pleadings, and a plain-
tiff's "statement of claim" is set forth in its complaint.
MCR 2.111(B). A party generally "must join every
claim" it possesses against the opposing party in "a
pleading." MCR 2.203(A). Even when the joinder of
claims is permissive, the claims must be joined by a

"pleader." MCR 2.203(B). The term "pleading" is specifically and narrowly defined, and does not include a consent judgment. MCR 2.110. "No other form of pleading is allowed." *Id*. A "claim" therefore is not "introduced" except as set forth in a "pleading." Indeed, the proper way to "introduce" a claim that is not stated in a party's initial pleading is by way of an amendment to the pleading. MCR 2.118(A); see also, e.g., *Weymers v Khera*, 454 Mich 639, 663; 563 NW2d 647 (1997). The filing of the stipulated consent judgment in this case thus did not constitute the "introduction" of a "claim," and MCL 600.5730(1) and MCR 4.201(G)(2)(b) are therefore inapplicable.

Also, as noted earlier, consent judgments differ significantly from litigated judgments. It bears repeating that "[a] consent judgment is different in nature from a judgment rendered on the merits because it is primarily the act of the parties rather than the considered judgment of the court. *No pleadings are required to support an agreed or negotiated judgment. Consequently, a judgment by consent is distinct from a judgment rendered by the court after trial*." Am Jur, § 184 (emphasis added). Consent decrees differ from litigated judgments because the "voluntary nature of a consent decree is its most fundamental characteristic." *Local No 93*, 478 US at 521-522 (recognizing that the agreement of the parties "serves as the source of the court's authority to enter any judgment at all").

Certainly, *once entered*, consent judgments are treated the same as litigated judgments in terms of their force and effect. *Trendell v Solomon*, 178 Mich App 365, 368-369; 443 NW2d 509 (1989). However, the fact that a stipulated consent judgment may be *enforced* identically as a litigated judgment does not mean that a district court lacks jurisdiction to enter a consent

judgment merely because it may have lacked jurisdiction to entertain a "claim" set forth in a "pleading" that resulted in a litigated judgment.

The district court indisputably had jurisdiction over plaintiff's claim. We hold that, in the unique circumstances presented, it possessed authority to enter the parties' stipulated consent judgment. In any event, it might at most be argued that the district court erred in the *exercise* of jurisdiction relative to a portion of the agreed-upon relief set forth in the stipulated consent judgment. But, as noted, any such error could have been challenged only on direct appeal, and not collaterally, ten years later, as defendants seek to do in this case. See *Bowie*, 441 Mich at 49; *Jackson*, 271 Mich at 545.

For these reasons, we hold that no "claim or counterclaim for money judgment" was "introduced" in the district court proceedings that would have necessitated the transfer of this case (or any portion thereof) to the circuit court. Therefore, neither MCL 600.5739(1) nor MCR 4.201(G)(2)(b) compels us to alter our original analysis or conclusion, as stated in this opinion.

### V. CONCLUSION

We vacate the judgment of the circuit court and remand to the district court for reinstatement and enforcement of the consent judgment. We do not retain jurisdiction.

K. F. KELLY, P.J., and WILDER, J., concurred with BOONSTRA, J.