# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF CIVIL RIGHTS ex rel
MAZYN BARASH,

Plaintiff,

and

MAZYN BARASH,

Plaintiff-Appellant,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORT (SMART),

Defendant-Appellee,

and

ROY SHECTER & VOCHT PC,

Intervener-Appellee.

UNPUBLISHED
August 30, 2016

No. 327524
Oakland Circuit Court
LC No. 2013-135379-AV

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In this action regarding attorney fees, plaintiff Mazyn Barash appeals as of right the trial court's April 30, 2015 order requiring that the law firm Roy, Shecter & Vocht, P.C., (RSV) be paid $83,925, plus statutory interest, out of a check paid by the Suburban Mobility Authority for Regional Transport (SMART) in satisfaction of an award based on a discrimination claim by Barash against SMART. We affirm.

This case concerns a dispute regarding payment of attorney fees that is connected to, but distinct from, a discrimination claim brought by Barash and the Michigan Department of Civil Rights (MDCR) against SMART. RSV represented Barash for some time in the department's administrative proceedings; however, after RSV ceased representation, Barash hired Akeel & Valentine (AV) to represent him. Barash obtained a favorable judgment from the Michigan Civil Rights Commission, and in case number 2012-127264-AV, the trial court affirmed the

-1-

commission's May 25, 2012 final order. The order stated that SMART must cease its discrimination, pay Barash certain amounts of damages, pay certain amounts of attorney fees and costs to RSV and AV, and pay statutory interest on all amounts. In the portion relevant to this appeal, the order specifically directed that SMART "shall remit $83,925.00 to the Schechter Law Firm [RSV] for attorney fees."

In case number 2013-135379-AV, the case now before this Court on appeal, Barash and the MDCR sought entry of a decree ordering SMART to pay the damages and fees identified in the order. After exhausting its appellate remedies, SMART issued a tri-party check to Barash, AV, and RSV. However, after RSV endorsed the check, Barash and AV refused to pay RSV the $83,925 plus interest that it was allocated in the May 25, 2012 order, claiming that there was a contract between RSV and AV that entitled RSV to only 30% of the attorney fees paid by SMART. On March 25, 2015, RSV moved to intervene and moved the trial court to order enforcement of the May 25, 2012 judgment by ordering Barash or AV to pay it the amounts stated in the May 25, 2012 order. After hearings held on April 1, 2015 and April 29, 2015, the trial court granted RSV's motion to enforce judgment and ordered that RSV be paid $83,925 plus statutory interest out of the award paid by SMART, resulting in entry of the April 30, 2015 order at issue.

Barash's first claim on appeal is that the trial court erred by ordering that RSV be paid $83,925 plus statutory interest because there was a contract between RSV and AV that entitled RSV to only 30% of the total attorney fees paid by SMART. We disagree.

"The existence and interpretation of a contract are questions of law reviewed de novo." *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). Similarly, the interpretation of a court order involves questions of law that are reviewed de novo. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 460; 750 NW2d 615 (2008).

According to Barash, a contract was formed when, after several emails were exchanged between the law firms, an attorney from AV sent an email on January 25, 2011 to an attorney from RSV that in relevant part stated "[f]or the civil rights claim, your firm would be entitled to 30% of fees awarded from the Commission," and the attorney for RSV replied, in relevant part in a January 28, 2011 email, "Yes." On this basis, Barash argues that the $83,925 in attorney fees awarded to RSV and the $37,325.75 in attorney fees awarded AV should be summed, after which RSV should receive 30% of the total and AV should receive 70% of the total.

Although the parties do not raise the issue, we note that Barash lacks standing under Michigan law to adjudicate this issue because he is not a proper party to attempt to enforce an alleged fee-splitting agreement between AV and RSV. *Lansing Schools Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 355; 792 NW2d 686 (2010) ("The standing inquiry focuses on whether a litigant is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable.") (quotation marks and citation omitted). Under MCR 2.201(B), an action "must be prosecuted in the name of the real party in interest." The real party in interest rule "is essentially a prudential limitation on a litigant's ability to raise the legal rights of another." *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013). Although Barash purportedly brought this appeal against SMART to challenge the trial court's order enforcing Barash's judgment against SMART, neither Barash nor SMART have an

interest in the subject or outcome of the appeal—the only question Barash is seeking to have decided is how the attorney fees should be divided between RSV and AV based on the terms of their fee-splitting agreement. Thus, it appears that Barash is bringing the appeal on behalf of AV exclusively for AV's interests. Accordingly, it is improper for Barash to attempt to enforce AV's alleged contract rights.

Similarly, because Barash is not a party to the alleged contract, he would only be able to enforce the contract if he were a third-party beneficiary to the contract. See MCL 600.1405.[1] "This rule reflects the Legislature's intent to ensure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Shay v Aldrich*, 487 Mich 648, 664-665; 790 NW2d 629 (2010) (quotation marks and citation omitted). Barash was not a third-party beneficiary of the alleged contract between AV and RSV regarding how they would split any statutory attorney fees awarded in the proceeding, as he received no benefit from the contract and was not referred to in the contract. Nonetheless, Barash attempts to use enforcement of that contract as a reason RSV should not be paid according to the May 25, 2012 order. Although Barash's claim on appeal supposedly deals with the trial court's order regarding the award SMART was required to pay, Barash's claim appears to be a thinly veiled attempt to act on AV's behalf to enforce its alleged contract against RSV.

Moreover, the parties do not dispute that the May 25, 2012 order was a final order for which avenues of possible appellate relief were exhausted. In general, "judgments are final and binding and, absent reasons such as fraud, preclude relitigation of matters already decided and reduced to judgments." *Staple v Staple*, 241 Mich App 562, 572; 616 NW2d 219 (2000). The existence or nonexistence of a fee-sharing contract between AV and RSV has absolutely no bearing on the final order directing SMART to pay certain amounts of money to Barash, AV, and RSV. Neither AV nor RSV were parties to the case that resulted in the award of attorney fees to them from SMART, and neither firm had any obligation under the May 25, 2012 order. The order directed SMART to take several actions, including paying specific amounts of money to Barash, AV, and RSV. Barash fails to explain how or why an alleged contract between AV and RSV could affect the final and binding order of May 25, 2012, and this Court finds no reason to conclude that it could. The trial court appears to have reached the same conclusion—when it ordered Barash and AV to pay RSV, it did not refer to the alleged contract at all, but instead indicated that affirmation of the May 25, 2012 order required payment to RSV of the amount indicated in the order, notwithstanding any of Barash's claims to the contrary. Therefore, we conclude that the trial court did not err by ordering that RSV be paid $83,925 plus statutory interest from the judgment paid by SMART, regardless of Barash's attempt to enforce an alleged contract between AV and RSV.

---

[1] "Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." MCL 600.1405.

Barash also claims on appeal that the trial court erred in granting substantive relief to RSV without first expressly granting RSV's motion to intervene. Because Barash did not raise this issue in the trial court until his motion for reconsideration of the trial court's order directing payment to RSV, he did not preserve the issue for appellate review. *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Further, we find the claim to be without merit.

"[I]t is fundamental that a party may not create error in a lower court, and then claim on appeal that the error requires reversal." *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 566; 840 NW2d 375 (2013). To do so " 'would permit the party to harbor error as an appellate parachute.' " *Id*., quoting *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989). Barash did not contest RSV's motion to intervene and did not raise the issue of the trial court's failure to rule on the motion to intervene until his motion to reconsider brought after the trial court granted RSV's motion to enforce the May 25, 2012 order. At a hearing held on April 29, 2015, after RSV had filed its motion to intervene but the trial court had not formally granted the motion, the trial court stated "what motions we have; a motion to intervene by Ms. Sheeter? [sic]" In response, the attorney appearing on behalf of Barash, stated "No, actually I think just to settle the order--." Therefore, because counsel for Barash represented to the trial court that no further action was necessary on RSV's motion to intervene, Barash cannot now claim that the trial court erred by failing to formally grant the motion. *Clohset*, 302 Mich App at 566. To do so would improperly allow Barash to harbor error as an appellate parachute. *Id*.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

-4-