*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VULPINA, LLC,

Plaintiff-Appellant,

v

RANDY K. DZIERZAWSKI, RANDY K.
DZIERZAWSKI REVOCABLE LIVING TRUST
DATED JUNE 16, 1999, and C & D CAPITAL,
LLC,

Defendants-Appellees.

UNPUBLISHED
December 29, 2020

No. 351472
Oakland Circuit Court
LC No. 2011-119630-CK

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order taxing $350,000 in attorney fees to defendants in this debt collection action. We affirm.

## I. BACKGROUND

In June 2011, Flagstar Bank filed this action, alleging that defendant C & D Capital breached a promissory note on a $2 million business loan that defendants, Dzierzawski and the Dzierzawski trust, had personally guaranteed. In December 2011, Flagstar moved for summary disposition, providing the loan agreement, promissory note, and the commercial guaranties. All four documents contained clauses allowing the lender the costs of collecting on a judgment, including reasonable attorney fees in any collection or bankruptcy proceedings. In February 2012, the trial court's predecessor granted summary disposition to Flagstar.

Also, in 2012, Continental Vineyard—a company owned by plaintiff's sole member, Gerald Forsythe—filed suit in Illinois against another Dzierzawski-owned company, Vinifera Wine, LLC, alleging breach of fiduciary duty. In December 2012, plaintiff purchased the judgment in this case from Flagstar and was substituted as plaintiff in this case. In April 2014, defendant Dzierzawski filed for bankruptcy and the parties engaged in four years of litigation in the bankruptcy court and in federal court. Plaintiff recovered most of the remaining judgment's

principal in the bankruptcy court. The bankruptcy court declined to adjudicate plaintiff's attorney fees claim and lifted the bankruptcy stay on this case.

In February 2019, plaintiff filed a notice of judgment lien in this case, alleging that defendants still owed over $1 million in interest and attorney fees. Throughout the proceeding, defendants argued that the majority of the judgment principal had been paid and that plaintiff had no evidentiary basis to support its interest and attorney fees claim. Defendants argued that neither the trial court nor the bankruptcy court had ever applied the framework of *Smith v Khouri*, 481 Mich 519, 530-531; 751 NW2d 472 (2008), to determine a specific award for reasonable attorney fees in this case. Throughout, plaintiff argued that this case was governed by the postjudgment costs review procedure of MCR 2.625(K), and argued that *Smith* only applied to prejudgment attorney fee determinations and was therefore distinguishable. Plaintiff submitted over 400 pages of heavily redacted billing statements, alleging that it was owed $1.89 million in attorney fees. Defendants again argued that plaintiff was not entitled to its actual attorney fees, but only reasonable attorney fees as determined under *Smith*.

Following a hearing, the trial court observed that the "acrimonious relationship" between the parties had resulted in much unnecessary litigation. The trial court stated that plaintiff's request for $1.89 million in attorney fees "shock[ed] the court's conscience" because plaintiff purchased the judgment for $250,000 and had recovered most of the principal in bankruptcy court. The trial court entered an order taxing $350,000 in attorney fees to defendants.

This appeal followed.

## II. DISCUSSION

On appeal, plaintiff argues that the $350,000 attorney fees award must be vacated because the trial court failed to conduct a *Smith* analysis when calculating the award. We disagree.

To preserve a challenge to a trial court's determination of attorney fees, a party must have asserted in the trial court the specific legal grounds on which it seeks our review. *Ladd v Motor City Plastics Co*, 303 Mich App 83, 104; 842 NW2d 388 (2013). In *Ladd*, the cross-appellant argued on appeal that it was entitled to attorney fees under MCR 2.625(E)(2). *Id*. However, the cross-appellant had asserted in the trial court that it was entitled to attorney fees under MCR 2.625(A)(2) and MCL 600.2591, but not MCR 2.625(E)(2). *Id*. We held that the cross-appellant's appellate argument regarding MCR 2.625(E)(2) was not properly before us because it had only preserved a challenge under MCR 2.625(A)(2). *Id*. ("[T]he specific issue that is otherwise preserved for appellate review has not been properly presented, and the specific issue that has been properly presented is unpreserved for appellate review.").

In this case, plaintiff, like the cross-appellant in *Ladd*, did not preserve the "specific issue" it now presents to us. See *id*. Defendants argued multiple times that the trial court was required to determine a reasonable attorney fees award under *Smith* because neither the trial court's predecessor nor the bankruptcy court had done so. Each time, plaintiff responded that *Smith* was inapplicable to this case because *Smith* only governs attorney fees determinations at the time an original judgment is entered. In contrast, plaintiff argued that the issue was governed under MCR 2.625(K). MCR 2.625(K) provides a procedure where a judgment creditor may request "taxable

costs and fees expended after a judgment has been entered . . . as allowed by MCL 600.2405" and by which a judgment debtor may request judicial review of the creditor's request. It does not provide any substantive law regarding the determination of taxable costs and fees. Indeed, MCL 600.2405(6) provides for recovery of "[a]ny attorney fees authorized by statute or by court rule."

In contrast, the *Smith* framework is used to calculate attorney fee awards under a wide variety of statutes and court rules. See, e.g., *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274-279; 884 NW2d 257 (2016) (holding that *Smith* applies to MCL 500.3148(1) under the no-fault act); *Powers v Brown*, 328 Mich App 617, 621; 939 NW2d 733 (2019) (holding that *Smith* applies to MCL 600.2919a(1) in statutory conversion cases); *Kennedy v Robert Lee Auto Sales*, 313 Mich App 277, 279; 882 NW2d 563 (2015) (holding that *Smith* applies to agreement settling claims under the Magnuson-Moss Warranty Act and the Michigan Consumer Protection Act). Therefore, plaintiff's position in the trial court—that MCR 2.625(K) and the *Smith* framework are mutually exclusive—is unsupported, as plaintiff implicitly acknowledges on appeal. Even after the trial court instituted the procedure of MCR 2.625(K), defendants maintained that plaintiff's request for attorney fees should be analyzed for reasonableness under *Smith*. Plaintiff again responded that a *Smith* analysis was unnecessary because "MCR 2.625 inherently does not contain the built[-]in strictures of a prejudgment attorneys' fees award."

Now, on appeal, plaintiff argues that the trial court erred by accepting plaintiff's argument that a *Smith* analysis is unnecessary in a postjudgment context. Plaintiff argues that it preserved its challenge to the trial court's omission of a *Smith* analysis when it discussed *Smith* in trial court filings. However, plaintiff fails to mention that each of those filings argued that *Smith* was distinguishable, and, therefore, did not control the outcome in this case. "It is fundamental that a party may not create error in a lower court, and then claim on appeal that the error requires reversal." *Clohset v No Name Corp*, 302 Mich App 550, 566; 840 NW2d 375 (2013); see also *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010) (determining that a party may not "create[] the very error that it wishes to correct on appeal"). And, a party may not take a position before the trial court, take an opposite position before this Court, and expect to obtain relief. *Blazer Foods, Inc v Restaurant Properties, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003).

Plaintiff made a strategic decision to avoid a *Smith* analysis in hopes of obtaining an award closer to the actual rates charged by its Chicago-based counsel than to the reasonable Michigan rates permitted under *Smith*. Accordingly, plaintiff repeatedly asserted that the trial court could not apply *Smith* to determine its attorney fees. Plaintiff, now dissatisfied with the trial court's decision, seeks an opportunity to better the outcome by arguing that the trial court erred in failing to conduct a *Smith* analysis. We do not tolerate this type of gamesmanship and do not permit plaintiff to harbor error as an appellate parachute.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica

-3-