*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DELANGELO JOHNSON,

      Plaintiff-Appellee,

v

CORRECTIONS OFFICERS GREMBOWSKI and BRAY,

      Defendants,

and

CORRECTIONS OFFICERS ENBODY, SCHMIDT, and DEWALD,

      Defendants-Appellants.

UNPUBLISHED
February 16, 2023

No. 359806
Court of Claims
LC No. 21-000061-MP

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

GARRETT, J. (*concurring*).

      I agree with the majority that Michigan's prisoner litigation reform act (PLRA), MCL 600.5501 *et seq*., requires a plaintiff to disclose the exact number of prior civil suits or appeals filed upon commencement of a new civil action. See 600.5507(2); *Tomzek v Dep't of Corrections*, 258 Mich App 222, 224-225; 672 NW2d 511 (2003). I write separately to note that, when properly presented, a plaintiff retains the ability to amend the filing of prior lawsuits to cure any defects.

      In this case, plaintiff filed a statement of prior suits, noting that he previously filed two civil suits "to the best of his memory." As it turns out, this number was incorrect.[1] When defendants moved for summary disposition, plaintiff moved to amend his statement of prior suits

---

[1] It is unsurprising that incarcerated plaintiffs, some having been in prison for decades like this plaintiff, might forget or inaccurately represent the number of prior civil suits or appeals initiated over that period.

-1-

filed. The trial court denied plaintiff's motion—but not because amendment was unavailable. Instead, at that time, the trial court lacked any record of plaintiff's disclosure of prior civil suits. After plaintiff provided the court with a record of his timely disclosure filing, the court denied defendants' motion for summary disposition. Then, responding to defendants' motion for reconsideration, plaintiff again requested amendment and stated that if the trial court granted reconsideration, plaintiff wished to appeal the denial of his motion to amend, or to cross-appeal if defendants appealed the denial of summary disposition. The trial court denied reconsideration and did not address plaintiff's amendment request. On appeal, the majority correctly concludes that defendants were entitled to dismissal because plaintiff's disclosure of prior suits or appeals was inaccurate. Plaintiff has not cross-appealed the denial of his motion to amend or filed a response brief on appeal raising the issue of amendment, so it would be inappropriate to remand in this case to allow amendment. See *Clohset v No Name Corp*, 302 Mich App 550, 560; 840 NW2d 375 (2013) ("This Court does not generally address issues not raised by the parties on appeal."). Thus, I concur with the majority's decision to reverse and remand for entry of an order granting defendants' motion for summary disposition.

While plaintiff did not properly raise the amendment issue for our review, I believe that a prisoner who moves to amend a filing of prior suits or appeals that is inaccurate should have the opportunity to amend if doing so would cure the error. MCR 2.118 sets forth Michigan's rules on the amendment of pleadings, and provides that, subject to certain exceptions, leave to amend a pleading "shall be freely given when justice so requires." MCR 2.118(A)(2). Under the PLRA, a prisoner bringing a civil action must "upon commencement of the action or initiation of the appeal, disclose the number of civil actions and appeals that the prisoner has previously initiated." MCL 600.5507(2). To the extent a prisoner incorporates this disclosure into his complaint, the prisoner may be entitled to amend the filing consistent with MCR 2.118 to resolve any inaccuracies. See MCR 2.113(C)(2) ("An attachment . . . is a part of the pleading for all purposes."). Dismissal for failure to comply with the PLRA's disclosure requirement is mandatory, MCL 600.5507(3), but the PLRA does not preclude the opportunity for amendment before dismissal. The alternative—a one-strike rule requiring immediate perfection—is not required under the plain language of the PLRA and is unnecessarily harsh. After all, if the purpose of the disclosure requirement is to promote transparency among serial litigants, then allowing amendment to correct inaccuracies in the disclosure furthers this purpose.

/s/ Kristina Robinson Garrett