## DORA *v.* LESINSKI.

1. Appeal and Error—Questions Reviewable—Record.
   Questions which appellant seeks to raise on appeal that are based upon matters lying outside of and not properly a part of the record on appeal nor properly before the trial court are not discussed by the Supreme Court.

2. Same—Questions Reviewable—Waiver.
   Questions raised by statement of questions involved but not discussed in appellant's brief are deemed to have been waived.

3. Same—Record—Supplementation—Affidavits.
   The Supreme Court is bound to review the trial court's action on the record as certified by the trial judge and, since the record may not be supplemented by an affidavit of the trial judge, an *ex parte* affidavit by a litigant carries no greater weight.

References for Points in Headnotes
[1, 3]  3 Am Jur, Appeal and Error § 812.
[2]  3 Am Jur, Appeal and Error § 872.
[4, 6]  2 Am Jur, Appeal and Error § 31.

4. Same—Consent Decree.

One cannot appeal from a consent judgment, order or decree.

5. Same—Supplemental Order to Consent Decree.

A delinquent party may not appeal from a supplemental order that was necessitated by such party's defiance or misunderstanding of a consent decree requiring the other party to seek the aid of the court to compel the delinquent party or his agent to do that which he plainly ought to have done under the consent decree and the subsequent order is consistent with the decree and in no substantial effect modifies it.

6. Same—Supplemental Order to Consent Decree.

Supplemental order compelling plaintiff's attorney, as escrow agent, to pay certain moneys over to defendant, as had previous consent decree, was not a modification of the consent decree nor inconsistent with it, hence, was not an appealable order.

Appeal from Wayne; Holbrook (Donald E.), J., presiding. Submitted October 9, 1957. (Docket No. 23, Calendar No. 47,254.) Decided March 6, 1958.

Bill by Gladys E. Dora against Delphine M. Lesinski, guardian of Maxine B. Lesinski, mentally incompetent, and Antoinette Goscicki, to enforce agreement to transfer liquor license upon mortgage foreclosure. Cross bill by defendants to set aside foreclosure. Consent decree entered setting up escrow for transfer of license. From order directing payment of balance of escrow funds to defendants after payment of certain charges, plaintiff appeals. Affirmed.

*Casper C. Cutler,* for plaintiff.

*Berger, Manason & Kayes* (*Robert S. Ernstein,* of counsel), for defendant Goscicki.

*Joel K. Underwood,* for defendant Lesinski.

VOELKER, J.   There are at least 2 reasons why the appellant cannot prevail on this appeal. In the first place most, if not all, of the questions she seeks to raise here are based upon matters lying outside of and not properly a part of the record on appeal. Thus virtually all of her exhibits here were either not offered below or were excluded by the trial court from the settled record on appeal. Her statement of facts and of questions involved are thus in large measure based upon matters which are not properly supported by the record before us and which were, also, not properly before the trial court below. We further note that the argument in the brief made here does not address itself directly even to those questions which might arguably be said to have otherwise been properly raised. Therefore any questions so raised but not properly discussed must be deemed to be waived.

We are bound to review the trial court's action on the record as certified to us. (*City of Garden City* v. *Holland,* 331 Mich 566, 570, citing cases.) We have further held that a record on appeal cannot be supplemented by an affidavit of the trial judge (*Associates Discount Corporation* v. *Gear,* 334 Mich 360, 367). We think it must follow that the "exhibits" and *ex parte* affidavits of a litigant designed to supplement what he conceives to be a defective record should command no greater weight before us than similar contributions made by a presumably less interested trial judge. Despite these observations, which might well control the dispostion of this case, we shall decide this appeal on still another ground.

This case grows out of chancery litigation involving a liquor license. The differences of the parties were finally adjusted and resolved below and resulted in the entry of a consent decree. This decree provided that in a certain contingency, there elaborately

set out, the present appellant should pay $1,500 to her own attorney as escrow agent, for the use and benefit of appellees, the escrow agent to pay some back sales and other taxes therefrom on the licensed establishment and then turn over the balance remaining to appellees. The contingency happened; the money was turned over by appellant to the escrow agent; the opposite parties did their parts; the escrow agent duly paid the back taxes of $894.64. So far so good. But the escrow agent failed to turn over the balance of $605.36 to appellees as provided in the decree, claiming he had on hand but $68.36, having devoted the remainder to paying other outstanding indebtedness he felt should properly be paid. Most of the appellant's brief here is devoted to showing us why these actions of the escrow agent were proper despite the fact they were not authorized by the consent decree. We may add that there is no showing here that either the appellant or her escrow agent ever sought the authority or consent of the court or the other parties prior to paying these other debts.

Appellees, not getting their money, filed a petition below to construe the decree whereupon an order was promptly entered by the chancellor requiring the escrow agent to turn over to appellees the balance remaining after payment of the taxes, all as provided in the original consent decree. Instead of doing so the appellant, represented by her escrow agent, has appealed that order to this Court.

It is elementary that one cannot appeal from a consent judgment, order or decree (*Chapin* v. *Perrin*, 46 Mich 130, and, also, authorities and cases cited in *Sauer* v. *Rhoades,* 338 Mich 679). As Justice COOLEY said in the *Chapin Case:* "But neither party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court."

It follows that where by defiance or misunderstanding of the terms of a consent decree one party or his agent or attorney makes it necessary for the other party to seek the aid of the court to compel the delinquent party or his agent to do that which he plainly ought to have done under the consent decree, and where such subsequent order is consistent with the decree and in no substantial effect modifies it, then the delinquent party may no more appeal from such supplemental order than he could have appealed from the consent decree itself. Any other rule would lead to the unhappy result we observe in this case and permit by delaying and expensive indirection that which could not be accomplished directly. We find and hold that the order sought to be appealed from here does not modify the consent decree and is in no degree inconsistent with it.

We note in passing that the net amount involved in this controversy is $537.50, that is, $37.50 over the minimum amount permitting an appeal here without leave of court. A busy court has been required to endure a full-dress oral argument in this case and one of its judges has been obliged to put aside other pressing work and write a formal opinion. This appeal, like certain others coming here with regrettable regularity, is so plainly without merit that we are moved to record the recent appointment of a committee representing our Court to work with an appropriate joint committee (State Bar and Judicial Conference) to make comprehensive amendments to Court Rule No 60 (1945). It is not right that citizens who continue to collide merrily with each other in old secondhand cars, say, can get in here without so much as a by-your-leave by merely averring that the damage claim involves more than $500, while still other citizens who may be sentenced, say, to life imprisonment, may only supplicate to get in here at our pleasure. It is

to be hoped, at least, that revisions will be made of statutes and court rules which, since the dear dead days when a dollar was worth a dollar, have provided in so many words that an appeal of right may be taken when the controversy involves more than $500 (PA 1917, No 172). And, while we are about it, we also suggest that something in the way of greater certainty might well be injected into forthcoming revisions of said Court Rule No 60. The rule itself, without reference to statute or common law, should clearly spell out what is appealable of right and what is not.

Affirmed, with costs to the prevailing parties.

KELLY, SMITH, BLACK, and EDWARDS, JJ., concurred with VOELKER, J.

DETHMERS, C. J., and CARR, J., concurred in the result.

KAVANAGH, J., took no part in the decision of this case.