*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINDA SMITH,

       Plaintiff-Appellant,

v

AUTO CLUB INSURANCE ASSOCIATION and
MICHAEL JOHN KOENIGSKNECHT,

       Defendants,

and

ROBERT KEITH NESBITT,

       Defendant-Appellee.

UNPUBLISHED
April 21, 2022

No. 357641
Oakland Circuit Court
LC No. 2020-179058-NI

Before: BORRELLO, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

In this action involving a claim of automobile negligence,[1] plaintiff appeals as of right and challenges the trial court's ruling granting summary disposition in favor of defendant, Robert Nesbitt.[2] For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

This case arises out of a motor vehicle accident that occurred on April 15, 2019. Plaintiff, who was driving her vehicle, was stopped at a red light when the vehicle driven by defendant

---

[1] Plaintiff's other claims are not at issue in this appeal.

[2] The only defendant implicated in this appeal is Nesbitt, thus, we will refer to Nesbitt as "defendant," and will refer to Auto Club Insurance Association and Michael John Koenigsknecht by name.

collided with the vehicle behind plaintiff's vehicle. That vehicle, which Michael Koenigsknecht was driving, was in turn pushed into plaintiff's vehicle.

Plaintiff went to the emergency department at Beaumont Hospital, where she complained of "significant pain to head and neck and entire spine." Medical records from this visit indicate that plaintiff was determined to have acute cervical, thoracic, and lumbar spine strains. Degenerative changes were also observed. Plaintiff was referred to physical therapy. Her physical therapy treatment records indicate that plaintiff complained of severe lower back pain following the accident, that she was able to perform daily tasks without pain or difficulty before the accident, and that her post-accident lower back pain interfered with her ability to walk, stand, or sit for periods of time greater than 5 to 10 minutes. The physical therapy treatment records further indicate that plaintiff's condition improved during the course of her treatment from May 2019 to July 2019. In June 2019, plaintiff received medical treatment for complaints of memory loss, dizziness, and difficulty concentrating. It was determined that her memory issues were related to depression. Additional medical records reflect that plaintiff had previously received medical treatment for chronic low back pain involving degenerative changes and "probable nondisplaced fracture of the upper coccyx" in 2017 and 2018.

Plaintiff initiated this action on January 15, 2020. As pertinent to this appeal, plaintiff alleged that defendant's negligence caused her to suffer a serious impairment of a body function.

On September 29, 2020, plaintiff was examined by neurologist Leonard Sahn, M.D., pursuant to defendant's request. In his report following the examination, Sahn opined:

> It is my opinion that the facts of this accident would not support the premise that she would have protracted or significant disability. . . . She experienced, at most, minor muscular strains in the cervical thoracolumbar regions that would be expected to resolve promptly, requiring no more than six to eight weeks of benign, hands-on treatment, more by custom than by evidence-based medicine. It appears that she did receive at least that duration of physical therapy which was ultimately stopped with statements that she was improving.

The record also reflects that plaintiff received additional physical therapy in late 2020 for complaints of returning and increased back pain that interfered with plaintiff's ability to sit, stand, walk, bend over, and sleep. Plaintiff reported the return of symptoms and pain with an increase in her activity. Her symptoms were also determined to potentially be related to increased sitting while working from home and providing care for her ill mother.

Defendant moved for summary disposition under MCR 2.116(C)(10). The trial court subsequently issued a written opinion and order in which it granted defendant's motion for summary disposition and dismissed plaintiff's claims against him. In its written opinion, the trial court engaged in a lengthy discussion of the evidence presented, as well as the relative strength and credibility of the evidence that plaintiff suffered an objectively manifested impairment as a result of the motor vehicle accident in light of the other evidence that plaintiff had been treated for various medical conditions before the accident. The trial court particularly emphasized the evidence of plaintiff's pre-accident medical history, as well as discussing the evidence that after the accident, plaintiff was diagnosed with acute neck and back strains and further complained of

memory loss and dizziness. Nonetheless, the trial court concluded that "[t]here is nothing in any of the medical records to establish a causal connection between the accident and Plaintiff's continuing complaints of back pain, anxiety, or depression, or her more recent complaints of memory loss." The trial court additionally found that "Plaintiff's temporary and minor soft tissue strain and complaints of memory loss are insufficient to establish that she suffered an objectively manifested impairment as a result of the accident."

Plaintiff's motion for reconsideration was denied. Plaintiff's claims against Koenigsknecht had already been dismissed by stipulation of the parties before defendant's summary disposition motion was filed. After the trial court denied plaintiff's motion for reconsideration of the decision granting defendant's summary disposition motion, a stipulated order of dismissal was entered on June 15, 2021, indicating that plaintiff and Auto Club Insurance Association had stipulated to dismissing plaintiff's lone remaining claims against Auto Club with prejudice and that the case was now closed. This appeal ensued.

## II. JURISDICTION

Before addressing the merits of plaintiff's appellate argument, we must first address defendant's jurisdictional challenge.[3] Defendant argues on appeal that this Court does not have jurisdiction over this appeal because plaintiff was not an aggrieved party with respect to the June 15, 2021 stipulated order of dismissal and the stipulated order did not preserve plaintiff's right to appeal earlier orders such as the order granting defendant's motion for summary disposition or the order denying plaintiff's related motion for reconsideration. Defendant maintains that plaintiff's appeal was untimely filed with respect to those earlier orders.

Whether this Court has jurisdiction over an appeal is reviewed de novo as a question of law. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). As a general matter, this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . ." MCR 7.203(A)(1). Under MCR 7.202(6)(a)(i), a final judgment or final order in a civil case includes "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ."

"The term 'aggrieved party' is defined, for purposes of MCR 7.203, as one who is not merely disappointed over a certain result, but one who has 'suffered a concrete and particularized injury . . . . [A] litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case.' " *Tevis v Amex Assurance Co*, 283 Mich App 76, 79-80; 770 NW2d 16 (2009) (citation omitted; ellipsis and alteration in original). "To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291; 715 NW2d 846 (2006) (quotation marks and citation omitted). "[A] party claiming an

---

[3] This Court already denied defendant's motion to dismiss that was also based on defendant's contention that this Court lacked jurisdiction. *Smith v Auto Club Insurance Ass'n*, unpublished order of the Court of Appeals, entered August 25, 2021 (Docket No. 357641). However, we fully address this issue here for the sake of completeness.

appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (quotation marks and citation omitted; alteration in original).

Here, defendant argues that because the June 15, 2021 order was a stipulated order, plaintiff was not an "aggrieved party" under MCR 7.203(A)(1). Defendant relies on the principle that "one cannot appeal from a consent judgment, order or decree." *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958). It is worth noting, however, that defendant was not a party to this stipulation, which did not reflect any agreement between plaintiff and *defendant*. "Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts. Like contracts, stipulated orders are agreements reached by and between the parties." *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007) (quotation marks and citation omitted).

Moreover, plaintiff only challenges the trial court's decision granting summary disposition to defendant and dismissing plaintiff's claims against defendant. The trial court's order granting defendant's summary disposition motion and the court's order denying reconsideration of that decision were not final judgments or final orders because they only disposed of plaintiff's claims against defendant and did not dispose of plaintiff's remaining claims against Auto Club. MCR 7.202(6)(a)(i). Accordingly, neither of those orders constituted a final judgment or final order appealable by right. MCR 7.203(A)(1). The June 15, 2021 stipulated order of dismissal between plaintiff and Auto Club had the effect of dismissing plaintiff's claims against Auto Club, which were the last claims that remained pending in the case. This was the first order to have the result of "dispos[ing] of all the claims and adjudicat[ing] the rights and liabilities of all the parties," and it thus was a final judgment or final order under MCR 7.202(6)(a)(i). Plaintiff claimed a right of appeal once this final order was entered in the case, raising issues related to the trial court's prior order granting defendant summary disposition that resulted in the dismissal of plaintiff's negligence claim against defendant. Because plaintiff was an aggrieved party in this action with respect to the trial court's summary disposition order and plaintiff appealed from a final order, this Court has jurisdiction over this appeal by right. *Federated Ins Co*, 475 Mich at 291; *Tevis*, 283 Mich App at 79-80; *Green*, 282 Mich App at 301 n 6; MCR 7.203(A)(1); MCR 7.202(6)(a)(i). We discern nothing improper about how plaintiff pursued her right to appeal.

Additionally, even if there were merit to defendant's argument, we would treat this appeal as being on delayed leave granted. MCR 7.203(B); MCR 7.205(A)(4); see also *New Covert Generating Co, LLC v Twp of Covert*, 334 Mich App 24, 47; 964 NW2d 378 (2020).

We now turn to the merits of plaintiff's appeal.

### III. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant or denial of a motion for summary disposition. We review a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving

party is entitled to judgment as a matter of law. [*Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008) (citations omitted).]

## IV. ANALYSIS

Under MCL 500.3135(1), a "person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered . . . serious impairment of body function . . . ." See also *McCormick v Carrier*, 487 Mich 180, 189-190; 795 NW2d 517 (2010).[4] MCL 500.3135(5) provides:

(5) As used in this section, "serious impairment of body function" means an impairment that satisfies all of the following requirements:

(a) It is objectively manifested, meaning it is observable or perceivable from actual symptoms or conditions by someone other than the injured person.

(b) It is an impairment of an important body function, which is a body function of great value, significance, or consequence to the injured person.

(c) It affects the injured person's general ability to lead his or her normal life, meaning it has had an influence on some of the person's capacity to live in his or her normal manner of living. Although temporal considerations may be relevant, there is no temporal requirement for how long an impairment must last. This examination is inherently fact and circumstance specific to each injured person, must be conducted on a case-by-case basis, and requires comparison of the injured person's life before and after the incident.

Our Supreme Court held in *McCormick* that there are three necessary prongs for establishing a "serious impairment of body function": "(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living)." *McCormick*, 487 Mich at 215.

In this case, the trial court's grant of summary disposition was based on its conclusion that plaintiff could not show that the April 15, 2019 accident *caused* an objectively manifested impairment. The trial court specifically declined to address the second and third *McCormick* factors in light of that determination. The issue before this Court on appeal thus becomes whether there was evidence creating a genuine issue of material fact whether the accident caused plaintiff to suffer an objectively manifested impairment.

A negligence claim requires the plaintiff to prove causation as one of the necessary elements. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). Proving causation

---

[4] The other types of potential threshold injury listed in the statute are not at issue in this case.

requires the plaintiff to establish "that the driver's conduct was both a cause in fact and a legal cause of his injuries." *Wilkinson v Lee*, 463 Mich 388, 391; 617 NW2d 305 (2000).

Here, there was evidence that plaintiff had been treated for chronic lower back pain before the accident. However, there was also evidence in the records of her medical treatment immediately following the accident that she had acute neck and back strains from the accident that diminished her ability to sit, stand, and walk as compared to her ability to perform those tasks before the accident. Our Supreme Court held that "[r]egardless of the preexisting condition, recovery is allowed if the trauma caused by the accident triggered symptoms from that condition." *Wilkinson*, 463 Mich at 395.

Nonetheless, the trial court in this case based its summary disposition ruling on the court's subjective assessment of the relative strength and credibility of the record evidence, essentially resolving factual conflicts on material issues of whether the accident either caused new back or neck impairments or otherwise exacerbated preexisting conditions. "[I]t is well settled that the circuit court may not weigh the evidence or make determinations of credibility when deciding a motion for summary disposition. Moreover, a court may not make findings of fact; *if the evidence before it is conflicting*, summary disposition is improper." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citations omitted; alteration in original). Because the trial court based its grant of summary disposition on improperly resolving questions of fact regarding causation to determine that plaintiff had not suffered an objectively manifested impairment as a result of the accident, the trial court's ruling was erroneous.[5] *Id*. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction. Plaintiff having prevailed may tax costs. MCR 7.219.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Deborah A. Servitto

---

[5] In light of our conclusion, we need not address plaintiff's additional argument that the trial court should have considered the affidavit of Dr. Tariq N. Kakish, M.D. Even without considering this affidavit specifically, the record contains conflicting evidence creating a genuine issue of material fact regarding causation. Moreover, plaintiff has not provided adequate legal authority in support of her appellate argument but instead simply asserts her position. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted).