*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GAYLA RUTH STANLEY,

        Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee,

and

AUTO-OWNERS INSURANCE COMPANY,

        Defendant.

FOR PUBLICATION
June 09, 2026
12:12 PM

No. 374881
Wayne Circuit Court
LC No. 22-015177-NF

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

RICK, J.

Plaintiff appeals as of right from a stipulated order dismissing this action with prejudice. In substance, however, plaintiff seeks review of the trial court's earlier order granting defendant Farmers Insurance Exchange's motion for partial summary disposition, which eliminated plaintiff's claims for certain benefits. We dismiss this appeal for lack of jurisdiction.

## I. FACTUAL BACKGROUND

This case arises from a motor-vehicle accident that occurred on December 27, 2021, in Tuscola County, Michigan. Plaintiff was traveling eastbound on East Caro Road when an oncoming vehicle lost control, crossed the centerline, and struck her vehicle head-on. Plaintiff alleges that she sustained significant injuries and incurred medical expenses and other losses as a result of the collision.

Plaintiff filed this first-party no-fault action against Auto-Owners Insurance Company and the Michigan Automobile Insurance Placement Facility (MAIPF), seeking personal protection insurance (PIP) benefits. She alleged that Auto-Owners was responsible for payment of benefits under an applicable no-fault policy or, alternatively, that she was entitled to benefits through the assigned-claims system. Auto-Owners denied liability, and Farmers Insurance Exchange later

-1-

appeared as the servicing insurer for the assigned-claims plan and assumed the defense of the case. The trial court thereafter entered a stipulated order dismissing Auto-Owners without prejudice, and the case proceeded against Farmers alone.

Farmers moved for partial summary disposition, arguing that plaintiff could not recover certain medical expenses because she had assigned her right to those benefits to a medical provider. Plaintiff disputed that the document at issue constituted a valid assignment. Following a hearing, the trial court agreed with Farmers and granted partial summary disposition, ruling that plaintiff could not pursue claims related to those expenses. The court's order specified that it was not a final order.

The parties later entered into a stipulated order dismissing the remaining claims with prejudice pursuant to an agreement to submit the matter to binding arbitration. That order closed the case and constituted the final order from which plaintiff now appeals.

## II. STANDARD OF REVIEW

Whether this Court has jurisdiction is a question of law reviewed de novo. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

## III. ANALYSIS

Plaintiff appeals from a stipulated order dismissing her remaining claims against Farmers with prejudice. This Court lacks jurisdiction over plaintiff's appeal because plaintiff is not an aggrieved party.

This Court's jurisdiction over an appeal of right is limited to appeals filed by an aggrieved party from a final judgment or final order. MCR 7.203(A)(1). A party is not aggrieved, however, by an order to which that party has consented. *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958). Indeed, it is well settled that a party may not appeal from a consent judgment or stipulated order because such an order reflects the parties' agreement rather than a judicial determination of contested rights. See *id*. Consistent with that principle, "a party cannot stipulate a matter and then argue on appeal that the resulting action was error." *Begin v Michigan Bell Telephone Co*, 284 Mich App 581, 585; 773 NW2d 271 (2009), overruled in part on other grounds by *Admire v Auto-Owners Ins Co*, 494 Mich 10; 831 NW2d 849 (2013) (quotation marks and citation omitted).

"Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts," because they are "agreements reached by and between the parties." *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007) (quotation marks and citation omitted). Accordingly, when a party expressly reserves the right to appeal a prior ruling in a stipulated dismissal, that reservation may be enforced. See *Travelers Ins v Nouri*, 456 Mich 937; 575 NW2d 561 (1998); *Kocenda v Archdiocese of Detroit*, 204 Mich App 659, 666; 516 NW2d 132 (1994). Conversely, where a party agrees to a final dismissal with the same opposing party and fails to reserve appellate rights, the stipulated dismissal extinguishes any claim of appeal from earlier rulings involving that party. See *Dora*, 351 Mich at 582; *Begin*, 284 Mich App at 585; *Kocenda*, 204 Mich App at 666. In that circumstance, the appellant is not an aggrieved party within the meaning of MCR 7.203(A)(1), and this Court lacks jurisdiction over the appeal.

That rule controls here. Plaintiff appealed as of right from the February 28, 2025 stipulated order dismissing her remaining claims against Farmers with prejudice, not from the September 13, 2024 order granting partial summary disposition. Because that order was entered by stipulation, plaintiff is not an aggrieved party under MCR 7.203(A)(1). See *Dora*, 351 Mich at 582. Although a party may preserve the right to challenge an earlier interlocutory ruling in a stipulated dismissal, the stipulated order here contains no such reservation. It broadly dismisses plaintiff's remaining claims against Farmers with prejudice and does not exclude the claims affected by the earlier summary disposition ruling or otherwise preserve any appellate issue arising from that ruling. Under these circumstances, plaintiff's consent to the final dismissal forecloses appellate review, and this Court lacks jurisdiction over the appeal.

*Jaber v P & P Hospitality, LLC*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 363572), does not compel a different result. In *Jaber*, this Court held that an appellant could seek review of an earlier order involving one defendant despite later entering into a stipulated dismissal with a different defendant. *Id*. at ___; slip op at 2. The Court's reasoning rested on the fact that the defendant who benefited from the earlier ruling was not a party to the later stipulated dismissal and therefore could not require the plaintiff to preserve appellate rights in an agreement to which it was not a party. *Id*. at ___; slip op at 10.

The *Jaber* Court expressly declined to address whether the same rule would apply when a plaintiff enters into a stipulated dismissal with the same party that obtained the earlier ruling. *Id*. at ___ n 3; slip op at 2 n 3. This case presents that precise scenario. Farmers both obtained the partial summary disposition ruling and was a party to the later stipulated dismissal of the remaining claims with prejudice. Under these circumstances, plaintiff was required to preserve any appellate challenge to the earlier ruling in the stipulated dismissal. Because plaintiff failed to do so, this case falls squarely outside the circumstances in which appellate review may be preserved following a stipulated dismissal.[1] Accordingly, this Court lacks jurisdiction over the appeal.

Dismissed.

/s/ Michelle M. Rick
/s/ Mariam S. Bazzi
/s/ Allie Greenleaf Maldonado

---

[1] While not binding under the rule of stare decisis, MCR 7.215(C)(1), *Ellington v State Farm Mut Auto Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued August 19, 2025 (Docket No. 367042), is persuasive for the same reason. There, the plaintiff appealed from a stipulated order dismissing her claims against the same defendant that had obtained an earlier partial dismissal. *Id*.; unpub op at 1, 4. This Court dismissed the appeal for lack of jurisdiction because the stipulated order broadly dismissed the plaintiff's claims against that defendant and contained no reservation of the right to appeal the earlier ruling. *Id*. at 4.